**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MAURICE BELL,**

    Petitioner,

vs.                            Case No. 4:06cv416-WS/WCS

**JAMES McDONOUGH,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Bell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a memorandum and exhibits in support.  Docs. 1, 2 and 3.  He filed a motion to proceed in forma pauperis, doc. 4, which is granted by separate order.

Petitioner challenges his conviction out of the Second Circuit, Leon County, for robbery with a weapon.  He asserts that his conviction was obtained by the unconstitutional failure to disclose evidence favorable to the defense, error of the trial court in denying his motion for judgment of acquittal, and ineffective assistance of counsel for failure to present a sufficient motion to dismiss.  Doc. 1, pp. 4-12.

Petitioner previously raised the same claims as three of four grounds in a previous § 2254 petition, case number 4:04cv505-MMP/EMT. A 21 page report and recommendation was entered addressing the claims, and it was recommended that the petition be denied with prejudice. Doc. 23 in that file. Petitioner did not file objections to the report and recommendation. By order of February 8, 2006, the recommendation was "adopted and incorporated by reference," and the petition was "denied." Doc. 25. The clerk's judgment entered the same day reflected "that this action be DISMISSED *without* prejudice." Doc. 26 (italicized emphasis added).

A claim raised in a second or successive § 2254 petition that was presented in a prior petition shall be dismissed, and a claim which was not presented in a prior petition shall be dismissed unless certain conditions are satisfied. 28 U.S.C. § 2244(b)(2). However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). *See also* § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Absent authorization, a second or successive § 2254 petition should be summarily dismissed for lack of jurisdiction. Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), *cert. denied*, 542 U.S. 958 (2004) (district court lacked jurisdiction to entertain second or successive petition as petition had not obtained authorization for filing it); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997), *cert. denied*, 520 U.S. 120 (1997) (same).

In his current memorandum, Petitioner notes the prior petition and that it was dismissed without prejudice. Doc. 2, p. 2. "Based upon that dismissal without prejudice, the Petitioner now files the instant petition." *Id.*

As previously noted, the order of the district judge denied (rather than dismissed) the petition, *and* adopted and incorporated by reference the recommendation that the petition be denied with prejudice. In spite of a "mere scrivener's error" in the judgment the petition was reviewed and denied on the merits, thus rendering this an unauthorized second or successive petition which must be summarily dismissed. *See* <u>Dunn v. Singletary</u>, 168 F.3d 440, 441-442 (11th Cir.1999) (also involving a judgment which erroneously reflected that previous § 2254 had been dismissed without prejudice).

Finally, it is noted that the judgment in 4:04cv505-MP/EMT has recently been vacated. Doc. 27 in that file. A corrected judgment was entered on November 8, 2006, specifying that dismissal was *with* prejudice. Doc. 28 in that file. As noted by the court, Petitioner was on notice from the report and recommendation as adopted that his petition had been denied with prejudice, and he did not object to the recommendation or file an appeal. Doc. 27 in that file, p. 1. There was therefore "no reason to believe that Petitioner is prejudiced from a correction of the clerical error in the judgment form," and the judgment was corrected. *Id.* *Cf.* <u>Dunn</u>, 168 F.3d at 442, n. 3 (noting that Petitioner was not prejudiced by clerical error where he claimed his failure to timely appeal was due to non-receipt, not due to mistaken belief that dismissal was without prejudice).

It is therefore **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1) be **SUMMARILY DISMISSED** as authorization for filing a second or successive petition has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2006.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**